## S. W. STONE v. L. T. EDWARDS.

1. State courts have no jurisdiction to enjoin infringements of a patent right, or to adjudge damages therefor. Such jurisdiction is exclusively in the courts of the United States.

2. Plaintiff complained that he had purchased from the patentee of a certain stove the exclusive right to sell the same within certain counties of this State, and that defendant was engaged in selling the same stoves within those counties, in violation of plaintiff's rights, and to his prejudice ; wherefore plaintiff brought his suit in a court of the State, for injunction and damages. Both parties were resident citizens of this State. *Held*, that defendant's plea to the jurisdiction was properly sustained.

APPEAL from Marion. Tried below before the Hon. J. D. McAdoo.

The opinion states all material facts.

*Penn & Todd* and *W. Stedman*, for the appellant.— That appellant Stone has a right to redress in some one of the tribunals of the country cannot be questioned. In the investigation of the question of jurisdiction, the only question before the court is, to which one of the tribunals, State or Federal, must appellant apply for this redress. It is not a case in which the two tribunals have concurrent jurisdiction, because appellant and appellee both reside in the State of Texas.

It was contended by counsel for appellee, and held by the court below, that the jurisdiction in this case, and all others of a similar character, is fixed in the United States courts by the Act of Congress of July 4th, 1836, Ch. 357, paragraph 17, which declares, "That all actions, suits, controversies and cases, arising under any law of the United States granting or confirming to inventors the exclusive right of their inventions or discoveries, shall be originally cognizable,

as well in equity as in law, by the circuit courts of the United States, or any district court having the powers and the jurisdiction of a circuit court; which court shall have power, upon bill in equity filed by any party aggrieved in any such case, to grant injunctions according to the course and principles of courts of equity, to prevent the violation of the rights of any inventor, as secured to him by any of the laws of the United States, on such terms," etc.

By fair construction this statute was only intended to apply to inventors, and was made for the benefit of inventors alone, because all the rights they have emanate from the laws of the United States, and not from any State or Territory; and it is intended to apply to questions of the validity or invalidity of patents, and to the infringements of patents. "But where the controversy at issue does not turn upon the letters patent themselves, but rather upon the force of some contract under them, as an assignment or license, which acknowledges their validity, in such cases the jurisdiction appertains, as in other contracts, to the State courts, and can only be brought into the United States courts on some other grounds, as that of citizenship or residence," etc. (See Curtis on Patents, pp. 541, 496; and Goodyear v. Day, 1 Blatchford, 565.)

It is already shown by the contract or agreement between appellant and the patentee, Giles F. Filley, and by the averments in appellant's original and amended bill, that the patentee, Giles F. Filley, has no interest whatever in the result of this suit, and consequently that there has been no infringement upon the letters patent by the appellee, but simply willfully and knowingly trespassing upon the known legal rights of appellant. We think it is clear, from the decision of Nelson, J., that appellant is wholly without remedy

in the United States courts, for want of jurisdiction of the subject matter; and that his suit was properly brought in the State court, and consequently that the court below erred in dismissing this suit for want of jurisdiction.

*R. A. Reeves*, for the appellee.

WALKER, J.—The only question before us for adjudication in this case is, had the State courts jurisdiction in actions to enjoin, or to recover damages for the infringment of a patent right? Article 1, Section 8, of the Constitution of the United States provides: "The Congress shall have power to promote the progress of science and useful arts, by securing for limited times to authors and inventors the exclusive right to their respective writings and discoveries."

The judicial power to enforce this provision of the Constitution is vested exclusively in the Federal courts. (Art. 3, § 2, Con. U. S; Martin v. Hunter's Lessee, 1 Wh. R. 304 (Condensed Reports, Vol. 3, p. 558, *et seq.*); Cohen v. Virginia, 6 Wh. R., 264 (Condensed Reports, Vol. 5, p. 110); The Act of July, 1836, Ch. 367, § 17, Vol. 5, p. 124; Whitman's Patent Laws, § 55, p. 24.)

Stone, the plaintiff in the action, is the assignee of Filley. Filley is the patentee of the Charter Oak Cooking Stove. Stone took by assignment the exclusive right to vend the stove within certain territorial limits, which include the county of Marion. Edwards is no doubt a trespasser upon the rights of Stone, and may be enjoined from further trespassing, and perhaps condemned in damages for trespasses already committed. But Stone must bring his action in the proper court.

The judgment of the district court is affirmed.

AFFIRMED.